HENRY SHAW *vs.* AARON SILVERSTEIN.

PROVIDENCE—DECEMBER 22, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Writs. Arrest. Affidavits. Right to Jury Trial.*

A defendant is not entitled, under the constitution of Rhode Island, Art. 1, § 15, to a jury trial of the allegations contained in the affidavit annexed to a writ of arrest issued under the provisions of Gen. Laws R. I. cap. 252, § 11, clause 3, as amended by Pub. Laws R. I. cap. 299.

(2) *Release from Arrest.*

The only remedy given by statute for the release of a defendant from arrest in such a case is that contained in the proviso to Pub. Laws R. I. cap. 299, § 1, clause 3. The decision of the court to which the writ is returnable upon the question is not subject to review.

(3) *Constitutional Law.*

Article 5 of the amendments to the constitution of the United States applies only to the government of the United States and not to the State governments.

TRESPASS ON THE CASE in assumpsit. The action was commenced by the arrest of the defendant. At the trial the defendant moved that he be allowed to submit to the jury evidence upon the matters set forth in the plaintiff's affidavit annexed to the writ. The motion was denied. Heard on petition of defendant for a new trial on exceptions to the ruling of the court denying the motion. New trial denied.

MATTESON, C. J. The only question presented by the defendant's petition for a new trial is whether he was entitled to a jury trial of the allegations contained in the affidavit made by the plaintiff and annexed to the writ for the purpose of authorizing the service of the writ by arrest of the defendant. We think the question must be answered in the negative. The only remedy given by the statute for the release of a defendant from arrest in such a case is that contained in the proviso to the third clause of section 1 of Pub. Laws R. I. cap. 299, amending Gen. Laws R. I. cap. 252, § 11, as follows : " Provided that whenever an arrest shall be made in accordance with the third clause of this section, the court to which the writ is made returnable, or any justice thereof, may by order, upon application of any defendant so arrested, and for cause shown, upon hearing the parties therein, release such defendant from arrest and discharge the bail taken thereon, if any." The defendant having made his application to the District Court of the Sixth Judicial District, to which the writ was returnable, for discharge from arrest, and his application, after hearing, having been denied, must, in the absence of any means for reviewing it provided by the statute, abide by that decision.

(1)     The defendant argues that he is entitled to a jury trial of the matters set up in the affidavit, under the constitution of Rhode Island, article 1, section 15, which provides that the right of trial by jury shall remain inviolate. It is clear, however, that this provision has no application, the provision for the affidavit not having been in existence at the time of the adoption of the constitution. As the older members of the bar are aware, prior to July 1, 1870, when Pub. Laws R. I. cap. 860, of March 31, 1870, abolishing imprisonment for debt generally, took effect, a common method for the service of writs for the collection of debts was by arrest. By that chapter the right to arrest for debt, when the cause of action accrued subsequently to July 1, 1870, was restricted to cases in which the plaintiff or one of the plaintiffs, or his or their attorney, should make affidavit, duly certified on the writ, that the defendant or some one of the defendants was about to depart from the State without leaving therein real or personal estate whereon service of the writ might be made by attachment, sufficient to satisfy the damages laid therein ; or that the defendant or some one of the defendants had committed fraud in contracting the debt upon which the action was founded, or in the concealment or wrongful disposition of his property. As this provision for making the affidavit was not in existence at the adoption of the constitution, the provision of the constitution that the right of trial by jury should remain inviolate, which preserved the right in cases where such right then existed, cannot apply.

(3)     The defendant also referred to the provision of article 5 of the amendments to the constitution of the United States, that no person "shall be deprived of life, liberty, or property without due process of law." But this applies only to the government of the United States, and not to the State governments. *Re the Liquors of Fitzpatrick,* 16 R. I. 60.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*P. H. Mulholland,* for plaintiff.

*James A. Williams,* for defendant.